ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| JONATHAN MALAVÉ LABOY<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN y REHABILITACIÓN<br><br>Recurrido | KLRA202500104 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: PA-653-24<br><br>Sobre: Revisión Resolución Contra Bonificación Preventiva |
| --- | --- | --- |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 31 de marzo de 2025.

El 14 de febrero de 2025, el recurrente Jonathan Malavé Laboy, comparece ante nos, por derecho propio, en escrito titulado *Solicitud para hacer cumplir el Reglamento 9151 del DER en Bonificación Preventiva.* En este solicita que revisemos la Respuesta al Miembro de la Población Correccional que emitió la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación el 28 de enero de 2025. Mediante esta, la División de Remedios Administrativos, desestimó la solicitud que le presentó Malavé Laboy.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso de revisión judicial, por haberse tornado académico.

**I.**

Surge del expediente que el 20 de agosto de 2020, Jonathan Malavé Laboy (Malavé Laboy), ingresó a una institución

Número Identificador

SEN2025_____

correccional por violentar el Artículo 127[1] del Código Penal y otros. El 3 de octubre de 2020, fue excarcelado bajo fianza para ser ubicado en el Hogar CREA de Mayagüez. El 27 de diciembre de 2020, hizo alegación de culpabilidad, a los fines de cumplir tres (3) años. Fue llevado al Hogar CREA de Cabo Rojo, lugar donde se mantuvo hasta marzo de 2022, para un total de un (1) año y tres (3) meses. Indicó que, de marzo de 2022 hasta inicios de 2024, se mantuvo en libertad bajo palabra en la libre comunidad. Sin embargo, el 5 de febrero de 2024 fue arrestado para iniciar el proceso de revocación del privilegio por incumplir con las condiciones. El 7 de marzo de 2024 le fue revocado el privilegio.

Así las cosas, el 28 de enero de 2025, Malavé Laboy presentó una Solicitud de Remedios Administrativos ante la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación, asignada al alfanumérico PA-44-25. En esta solicitó que se le acreditara el tiempo que estuvo en preventiva desde el 20 de agosto de 2020 hasta el 3 de octubre de 2020. Mencionó que regresó a prisión el 5 de febrero de 2024 y fue sentenciado el 7 de marzo de 2024. Aseveró que el periodo de febrero de 2024 a marzo de 2024 fue acreditado, pero no el tiempo en prisión preventiva, entre el 20 de agosto al 3 de octubre de 2020.

Ese mismo día, 28 de enero de 2025, notificada el 4 de febrero de 2025, la evaluadora emitió la Respuesta al Miembro de la Población Correccional, en la cual determinó desestimar la reclamación, sin atender el planteamiento relacionado a la detención preventiva.

---

[1] Negligencia en el cuidado de personas de edad avanzada e incapacitados. 33 LPRA sec. 5186.

Inconforme, el 14 de febrero de 2025, Malavé Laboy acudió a nuestro foro para la revisión administrativa de ese dictamen. En síntesis, el recurrente alegó que el Departamento de Corrección no le restó el tiempo que este cumplió en detención preventiva, desde el 20 de agosto de 2020 al 3 de octubre de 2020. Ante ello, nos solicitó que le ordenemos al Departamento de Corrección y Rehabilitación que le descuente el tiempo de confinamiento durante ese período. Como parte del apéndice del recurso, el recurrente incluyó la *Hoja de Control Sobre Liquidación de Sentencias*, de fecha **30 de mayo de 2024**. En este documento aparecía descontado el tiempo en que el recurrente estuvo en preventiva durante el tiempo del 5 de febrero de 2024 hasta el 7 de marzo de 2024, equivalente a un (1) mes y un (1) día, para una fecha de cumplimiento de sentencia al **30 de junio de 2025**. En este documento, no aparecía el periodo de tiempo que Malavé Laboy alega que cumplió en preventiva, desde el 20 de agosto de 2020 hasta el 3 de octubre de ese mismo año.

Recibido el recurso, le concedimos término al Departamento de Corrección y Rehabilitación para que presentara su posición. En respuesta, el 24 de marzo de 2025, el Departamento de Corrección, representado por la Oficina del Procurador General de Puerto Rico, nos solicitó que le devolviésemos el caso a la División de Remedios Administrativos para que atendiera el remedio PA-44-25 de forma responsiva. Fundamentó su petición en lo siguiente:

> La Hoja de Control Sobre Liquidación de Sentencias del recurrente de 30 de mayo de 2024 contiene la sentencia impuesta de tres años al serle revocada la libertad bajo palabra; el descuento de un año y tres meses del término impuesto por el Tribunal de diciembre a marzo de 2022 mientras estuvo en el Hogar CREA; y el tiempo de detención preventiva de un año y un mes del 5 de febrero al 7 de marzo de 2024. Sin embargo, la Hoja de Control Sobre

Liquidación de Sentencias no incluye el término de detención preventiva reclamada por el recurrente en el remedio administrativo objeto del presente recurso de revisión, es decir, **el tiempo del 20 de agosto al 3 de octubre de 2020** (dos meses).

Dos (2) días después, el 26 de marzo de 2025, el Departamento de Corrección presentó una *Urgente moción informativa y solicitud de desestimación*. En este escrito nos informó que recibieron una nueva *Hoja de Control Sobre Liquidación de Sentencias*, que incluyó el periodo de detención preventiva del 20 de agosto al 3 de octubre de 2020, según lo solicitó el recurrente. Debido a lo anterior, señalaron que el remedio que solicitó el recurrente fue concedido en su totalidad. Por lo tanto, indicaron que procedía desestimar la acción por haberse tornado en académico el recurso. Junto al escrito, anejaron la referida hoja de liquidación de sentencia, actualizada al 24 de marzo de 2025. De esta surge que el ente administrativo había aplicado el periodo de preventiva del año 2020 y ajustó la fecha de cumplimiento al 16 de mayo de 2025, en lugar del 30 de junio de 2025.

Al cuestionarse nuestra jurisdicción, procedemos a expresarnos con la normativa que dispone de este trámite.

## II.

Como es conocido, la jurisdicción es el poder o la autoridad que tiene un Tribunal para considerar y decidir casos o controversias. Freire Ruiz de Val y otros v. Morales Román, 2024 TSPR 129, 214 DPR ___ (2024); Mun. Aguada v. W Const. LLC, 2024 TSPR 69, 214 DPR ___ (2024); Torres Alvarado v. Madera Atiles, 202 DPR 495, 499-500 (2019). Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional.

Freire Ruiz de Val y otros v. Morales Román, *supra;* Torres Alvarado v. Madera Atiles*, supra*, pág. 500*.*

En consecuencia, al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará con rigurosidad el asunto jurisdiccional como parte de su deber ministerial, toda vez que éste incide directamente sobre la autoridad misma para adjudicar un caso o controversia. Freire Ruiz de Val y otros v. Morales Román, *supra*; Mun. Aguada v. W Const. LLC, *supra*; Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254, 268 (2018).

La doctrina de justiciabilidad impone una limitación a los tribunales en su intervención para resolver controversias reales y definidas que afectan las relaciones jurídicas de partes antagónicas u opuestas. Pueblo v. Díaz, Rivera, 204 DPR 472, 481 (2020); Torres Santiago v. Depto. Justicia, 181 DPR 969, 981–982 (2011); U.P.R. v. Laborde Torres y otros I, 180 DPR 253, 280 (2010). Conforme a esta doctrina, los tribunales solo deben evaluar casos que sean justiciables y, por lo tanto, no deben atender controversias hipotéticas, abstractas o ficticias. Pueblo v. Díaz, Rivera, *supra*; E.L.A. v. Aguayo, 80 DPR 552, 584 (1958).

Una controversia no se considera justiciable cuando, entre otros requisitos, hechos posteriores al comienzo del pleito han tornado la controversia en académica. Super Asphalt v. AFI y otros, 206 DPR 803, 815 (2021); Bhatia Gautier v. Gobernador, 199 DPR 59, 69 (2017); Asoc. Fotoperiodistas v. Rivera Schatz, 180 DPR 920, 932 (2011); Noriega v. Hernández Colón, 135 DPR 406, 421-422 (1994). Este requisito de origen constitucional debe ser evaluado por los tribunales antes de considerar y pronunciarse sobre los méritos de una

controversia. <u>Super Asphalt v. AFI y otros</u>, *supra*; <u>PNP en Humacao v. Carrasquillo</u>, 166 DPR 70, 74 (2005).

De manera que, una controversia que en sus inicios era justiciable se convierte en académica cuando "los cambios fácticos o judiciales acaecidos durante el trámite judicial de una controversia, tornan en académica o ficticia su solución". <u>Super Asphalt v. AFI y otros</u>, *supra,* <u>Amador Roberts v. ELA</u>, 191 DPR 268, 283 (2014).   Cuando un tribunal determine que un pleito es académico, su deber es abstenerse de considerar los méritos de ese caso. <u>Super Asphalt v. AFI y otros</u>, *supra;* <u>CEE v. Dpto. de Estado</u>, 134 DPR 927, 936 (1993).   En consecuencia, cuando el tribunal decreta que no tiene jurisdicción para atender un recurso, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. <u>Torres Alvarado v. Madera Atiles</u>, *supra*; <u>Ruiz Camilo v. Trafon Group, Inc.</u>, *supra*; <u>Mun. de San Sebastián v. QMC Telecom</u>, 190 DPR 652, 660 (2014).

## III.

Como indicáramos, el recurrente Malavé Laboy alegó que el Departamento de Corrección omitió en aplicarle a su hoja de liquidación de sentencia el tiempo que este cumplió en detención preventiva desde el 20 de agosto de 2020 al 3 de octubre de 2020. Como parte del recurso, el recurrente incluyó la Hoja de Control Sobre Liquidación de Sentencias, de fecha <u>30 de mayo de 2024</u>, en la cual no aparecía el aludido periodo en preventiva durante el año 2020.

Luego de presentado este recurso, el Departamento de Corrección y Rehabilitación nos acreditó que ya le aplicaron al recurrente, en la hoja de liquidación de sentencia, el periodo de detención preventiva comprendido desde el 20 de agosto de 2020 hasta el 3 de octubre de 2020.   Acto seguido, nos solicitó la

desestimación del recurso por haberse tornado académico el recurso ante nuestra consideración. Junto a su comparecencia, el Departamento de Corrección incluyó una nueva hoja de liquidación de sentencia de fecha <u>24 de marzo de 2025</u>.

Evaluado el recurso y las peticiones de ambas partes, pudimos constatar del documento intitulado *Hoja de Control Sobre Liquidación de Sentencias*, actualizada el 24 de marzo de 2025 que, en efecto, el Departamento de Corrección ya aplicó la bonificación correspondiente a la detención preventiva desde el 20 de agosto de 2020 al 3 de octubre de 2020, equivalente a un (1) mes y catorce (14) días. A ese período se le sumó el tiempo de detención preventiva del 5 de febrero de 2024 al 7 de marzo de 2024, equivalente a un (1) mes y un (1) día, el cual ya estaba aplicado en la anterior Hoja de Control Sobre Liquidación de Sentencias emitida el 30 de mayo de 2024. En la hoja actualizada, surge que la suma de ambos periodos arrojó un total de dos (2) meses y quince (15) días para ser descontado a la sentencia del recurrente. Al aplicar el periodo de detención preventiva, del 20 de agosto de 2020 al 3 de octubre de 2020, la fecha de cumplimiento de la sentencia también fue actualizada del 30 de junio de 2025 al día **16 de mayo de 2025**.

Con el trámite antes descrito, podemos concluir que el remedio que el recurrente nos solicitó fue debidamente concedido, mientras el caso estaba ante nuestra consideración. En vista de que el Departamento de Corrección y Rehabilitación ya le aplicó a la sentencia del recurrente el periodo de detención preventiva del 20 de agosto de 2020 al 3 de octubre de 2020, la acción ante nuestra consideración se tornó en académica. Ese evento tuvo el efecto de tornar en inconsecuente la controversia ante nuestra

consideración.    Siendo  así,  solo  nos  resta  declararnos  sin autoridad para entender sobre los méritos de esta causa.

**IV.**

Por las razones antes expresadas, se desestima el presente recurso por falta de jurisdicción por Academicidad.

Disponemos  que  el  Departamento  de  Corrección  y Rehabilitación deberá entregar copia de esta determinación al recurrente, en cualquier institución donde este se encuentre.

Lo acordó y manda el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones